IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| CHRISTINE GETMAN, an individual, | Case No. 3:21-cv-01408-SB |
| Plaintiff, | **OPINION AND ORDER** |
| v. | |
| OREGON HEALTH AND SCIENCE UNIVERSITY, a public corporation of the State of Oregon, | |
| Defendant. | |

**BECKERMAN, U.S. Magistrate Judge.**

Plaintiff Christine Getman ("Getman") filed a motion for leave to amend her complaint against Oregon Health and Science University ("OHSU") to add a claim under OR. REV. STAT. § 659A.142(4), in light of the Supreme Court's recent opinion in *Cummings v. Premier Rehab Keller, PLLC*, 142 S. Ct. 1562 (2022) (holding that emotional distress damages are not recoverable under the federal causes of action Getman alleges here). OHSU objects to Getman's proposed amendment, on the ground that she has not demonstrated good cause under FED. R. CIV. P. 16 to extend the pleading amendment deadline and because Getman's proposed state claim is time-barred. (ECF No. 23.)

PAGE 1 – OPINION AND ORDER

The Court has jurisdiction over this case pursuant to 28 U.S.C. §§ 1331, 1343, and 1367, and all parties have consented to the jurisdiction of a magistrate judge under 28 U.S.C. § 636. For the reasons discussed below, the Court grants Getman's motion for leave to amend. (ECF No. 21.)

I.      LEGAL STANDARDS

   A.      Rule 16

"A schedule may be modified only for good cause and with the judge's consent." FED. R. CIV. P. 16(b)(4). "The district court 'is given broad discretion in supervising the pretrial phase of litigation, and its decisions regarding the preclusive effect of a [scheduling] order . . . will not be disturbed unless they evidence a clear abuse of discretion.'" C.F. ex rel. Farnan v. Capistrano Unified Sch. Dist., 654 F.3d 975, 984 (9th Cir. 2011) (quoting Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 607 (9th Cir. 1992), Noyes v. Kelly Servs., 488 F.3d 1163, 1174 n.6 (9th Cir. 2007), and Zivkovic v. S. Cal. Edison Co., 302 F.3d 1080, 1087 (9th Cir. 2002)).

The "good cause standard focuses on the reasonable diligence of the moving party." Estep v. Forever 21 Retail, Inc., No. 3:16-cv-02214-SB, 2019 WL 430884, at *1 (D. Or. Feb. 4, 2019) (citing Noyes, 488 F.3d at 1174 n.6). "If the moving party was not diligent, the inquiry should end and the motion to modify [a scheduling order] should not be granted." Id. (quoting Zivkovic, 302 F.3d at 1087).

   B.      Rule 15

After a brief period in which a party may amend as of right, "a party may amend its pleadings . . . [with] the court's leave[,]" and the "court should freely give leave when justice so requires." FED. R. CIV. P. 15(a). District courts have broad discretion in applying Rule 15. See Morongo Band of Mission Indians v. Rose, 893 F.2d 1074, 1079 (9th Cir. 1990). Five factors guide the exercise of this discretion: (1) undue delay; (2) bad faith; (3) repeated failure to cure

PAGE 2 – OPINION AND ORDER

deficiencies; (4) undue prejudice; and (5) futility of the amendment. *See Foman v. Davis*, 371 U.S. 178, 182 (1962).

Prejudice to the opposing party "carries the greatest weight and is the touchstone of the inquiry under Rule 15." *Cervantes v. Zimmerman*, No. 17-cv-1230-BAS-NLS, 2019 WL 1129154, at *13 (S.D. Cal. Mar. 12, 2019) (citations omitted). "The party opposing amendment bears the burden of showing prejudice." *Robillard v. Opal Labs, Inc.,* 337 F. Supp. 3d 962, 967 (D. Or. 2018) (citation omitted).

## DISCUSSION

The Court finds that Getman has established good cause under Rule 16 to amend her complaint after the pleadings amendment deadline set by the Court. Getman's interest in pleading a state claim that was redundant of her federal claims at the time of the original filing changed when the Supreme Court recently issued its opinion in *Cummings*, eliminating her ability to recover emotional distress damages on her federal claims. Thus, Getman is not seeking leave to amend in bad faith or for a dilatory purpose, and she was diligent in seeking the amendment within days of the Supreme Court's opinion.

Further, adding the OR. REV. STAT. § 659A.142 claim to the operative complaint at this time does not infringe on the efficient adjudication of this case because it requires no additional discovery nor an extension of the discovery or dispositive motion deadlines or trial date. *See C.F. ex rel. Farnan*, 654 F.3d at 984 (affirming district court's allowance of pleading amendment under Rule 16, and "credit[ing] the district court's determination that the amendment created no meaningful case management issues and did not infringe on the efficient adjudication of the litigation" where "[n]o additional discovery was necessary and no delay ensued") (simplified). For these reasons, Getman has demonstrated good cause to extend the pleading amendment deadline under Rule 16.

PAGE 3 – OPINION AND ORDER

The Court also finds that Getman's proposed amendment is appropriate under Rule 15. OHSU argues that Getman's OR. REV. STAT. § 659A.142 claim is time-barred (Def.'s Obj. Mot. Leave Amend at 7), but the Court finds that the OR. REV. STAT. § 659A.142 claim relates back to Getman's timely filed claims. *See* FED. R. CIV. P. 15(c) (instructing that a claim "relates back" to the original filing date if the new claim "arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading"); OR. R. CIV. P. 23C ("Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading."). Getman pleads no new facts in her proposed second amended complaint, which demonstrates that her OR. REV. STAT. § 659A.142 claim arises out of the same "common core of operative facts" as her original claims. *ASARCO, LLC v. Union Pac. R.R. Co.*, 765 F.3d 999, 1004 (9th Cir. 2014) (finding that "[t]o relate back, 'the original and amended pleadings [must] share a common core of operative facts so that the adverse party has fair notice of the transaction, occurrence, or conduct called into question'" and noting that "[t]he relation back doctrine of Rule 15(c) is 'liberally applied'" (quoting *Martell v. Trilogy Ltd.*, 872 F.2d 322, 325 (9th Cir. 1989) and *Clipper Exxpress v. Rocky Mountain Motor Tariff Bureau, Inc.*, 690 F.2d 1240, 1259 n.29 (9th Cir. 1982))). Thus, Getman's OR. REV. STAT. § 659A.142 claim is not time barred, nor her proposed amendment futile.

Finally, OHSU does not allege that it will suffer any prejudice based on the timing of Getman's amendment, and the Court finds that OHSU will suffer no prejudice from the timing of the amendment because it does not require the extension of any pending case management deadlines nor the January 2023 trial date.

///

For these reasons, the Court concludes that Getman has demonstrated good cause under Rule 16 to amend the Court's scheduling order to allow for a pleading amendment, and that justice requires the Court to allow the proposed amendment under Rule 15.

## CONCLUSION

For the reasons stated, the Court GRANTS Getman's Motion for Leave to Amend (ECF No. 21). Getman shall promptly file her Second Amended Complaint.

DATED this 18th day of May, 2022.

*Stacie F. Beckerman*

HON. STACIE F. BECKERMAN
United States Magistrate Judge